**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SANDRA DURAN | ) | |
|        *Plaintiff,* | ) | |
|   v. | ) | No. 22 C 3034 |
| | ) | |
| CHIEF JUDGE OF THE CIRCUIT COURT OF | ) | Chief Judge Virginia M. Kendall |
| COOK COUNTY, in his official capacity | ) | |
| | ) | |
|       *Defendant.* | ) | |
| | ) | |
| | ) | |

## <u>OPINION AND ORDER</u>

Plaintiff Sandra Duran sued the Defendant, the Chief Judge of the Circuit Court of Cook County, in his official capacity, for violating Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and the Americans with Disabilities Act. (Dkt. 1 at 1, 7-12). The Defendant moved for summary judgment against all of Duran's claims. (Dkt. 70). During the briefing schedule, but before Duran's response was due, Duran's attorney withdrew from representation. (Dkts. 73-75). Duran, thereafter proceeded pro se and failed to respond to Defendant's motion. (*See* Dkts. 75-76). Duran has not sought an extension of time, acquired new counsel, or filed any papers with the Court since June 2025. (Dkts. 73-75). The Court grants Defendant's motion for summary judgment in full and enters judgement for Defendant.

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Johnson v. Dominguez*, 5 F.4th 818, 824 (7th Cir. 2021) (quotes omitted). Although the Court construes "all facts and make[s] all reasonable inferences in the nonmoving party's favor, the moving party may succeed by showing an absence

of evidence to support the non-moving party's claims." *Marnocha v. St. Vincent Hosp. & Health Care Ctr., Inc.*, 986 F.3d 711, 718 (7th Cir. 2021) (quoting *Tyburski v. City of Chicago*, 964 F.3d 590, 597 (7th Cir. 2020)).

When a party fails to respond to a motion for summary judgment, that failure is "not a basis for automatically granting summary judgment as some kind of sanction." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021). "Even where a nonmovant fails to respond to a motion for summary judgment, the movant still [must] show that summary judgment [is] proper given the undisputed facts . . . with those facts taken . . . in the light most favorable to the nonmovant." *Id.* (quotes omitted). That said, "a non-movant's failure to respond to a motion for summary judgment . . . constitutes an admission by the non-movant that there are no disputed issues of genuine fact warranting a trial . . . ." *Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995); *McMahan v. Deutsche Bank AG*, 892 F.3d 926, 929 n.2 (7th Cir. 2018) ("We have consistently held that a failure to respond by the nonmovant as mandated by the local rules results in an admission.") (quotes omitted); LR 56.1(e)(3) ("Asserted facts may be deemed admitted if not controverted with specific citations to evidentiary material."); *McCurry v. Kenco Logistics Servs., LLC*, 942 F.3d 783, 787 (7th Cir. 2019) (affirming finding facts admitted when party failed to properly respond). The Court therefore reviews the facts submitted and determines whether the law provides a judgment favorable to movant.

Duran sued Defendant for discrimination and retaliation under Title VII (Counts I, II, V). (Dkt. 1 at 7-9, 11-12). "Title VII makes it unlawful for employers . . . 'to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'" *Paterakos v. City of Chicago*, 147 F.4th 787, 795 (7th Cir.

2025) (quoting 42 U.S.C. § 2000e-2(a)(1)). "To defeat a motion for summary judgment on the merits of a Title VII race-discrimination claim, a plaintiff must produce evidence that would let a reasonable factfinder find that her race caused an adverse employment action." *Id.*

Duran failed to present any evidence that Defendant discriminated against her because of her race or national origin (Latina). Duran presented no evidence that Defendant took adverse employment actions against her because of her race or national origin. There is no evidence of race or national origin discrimination in the record.

In contrast, Defendant presented substantial evidence that Defendant placed Duran on paid administrative leave for workplace issues, policy violations, and racist, hostile, and unprofessional conduct. (Dkt. 71 at 2-15); (Dkt. 72, Exs. 1-37); (Dkt. 76 at 1-6). Defendant presented evidence that Duran committed "at least 13" workplace violations underpinning Defendant's decision to place her on leave. (Dkt. 76 at 3); (*see also* Dkt. 72, Ex. 29) (chronicling nearly two dozen incidents from March to August 2020 leading to Duran being placed on leave). These violations are far-reaching and serious. For example, Defendant presented evidence that Duran exhibited "aggressive behavior" toward her colleagues, harassed coworkers by "not respecting professional and personal boundaries," called coworkers offensive names, made racist comments about black people, and created "a hostile work environment." (Dkt. 76 at 4); (*see also id.* at 3-6) (detailing issues, employer follow-up, and supervisor engagement); (Dkt. 72) (presenting 37 exhibits documenting issues). Defendant submitted evidence that Duran created a "fraudulent report" and caused co-workers "to feel unsafe." (Dkt. 72, ¶¶ 39-41). Defendant also submitted evidence that Duran repeatedly failed to follow supervisor directives and department procedures and instead responded with threatening and disruptive behavior. (*Id.*, ¶¶ 45-47); (*see also id.*, ¶¶ 1-44) (describing employer's policies and procedures, Duran's conduct, and the repeated incidents leading to Duran

being placed on leave). Duran's conduct was investigated and confirmed by an investigator (*id.*, ¶¶ 45-47); it was also the subject of an arbitration proceeding and again confirmed after an arbitration hearing (where the arbitrator found that Duran violated her employer's policies and recommended her suspension). (Dkt. 76 at 4-5).

Based on the record before the Court, Duran's discrimination claims lack merit; Defendant placed Duran on leave for workplace violations and inappropriate behavior. *Supra* at 3-4. There is no evidence that Defendant discriminated (or took adverse employment actions) against Duran because of her race or national origin or retaliated against her. *Id.*; (Dkts. 71, 72, 76). Duran filed no response to Defendant's motion for summary judgment; the Court deems Defendant's statement of facts (Dkt. 72) admitted and not in dispute. *Flynn*, 58 F.3d at 288; *McMahan*, 892 F.3d at 929 n.2; *McCurry*, 942 F.3d at 787; LR 56.1(e)(3). "In sum, [Duran] has not presented evidence from which a reasonable jury could find that [she was placed on paid leave] because she was [Latina] rather than because of consistent performance issues." *Paterakos*, 147 F.4th at 799 (affirming summary judgment on race discrimination claims under Title VII). The Court grants Defendant's motion for summary judgment against Duran's Title VII claims for race and national origin discrimination and retaliation (Counts I, II, V).

Duran sued Defendant for discrimination and retaliation under the Age Discrimination in Employment Act ("ADEA") (Counts III and V). (Dkt. 1 at 9-10, 11-12). "When considering an ADEA claim at summary judgment, a court must consider all the evidence in the record to determine whether a reasonable jury could find that the plaintiff suffered an adverse action *because of* her age." *Arnold v. United Airlines, Inc.*, 142 F.4th 460, 469-70 (7th Cir. 2025) (quotes omitted). There are "two approaches for establishing such discrimination": (i) a "holistic" method where the Court "look[s] at the evidence in the aggregate to determine whether it allows an inference of

4

prohibited discrimination"; and (ii) a "burden-shifting framework" where the plaintiff must show "that (1) she is a member of the protected class (people over forty years of age), (2) she performed her job to her employer's legitimate expectations; (3) she suffered an adverse employment action; and (4) one or more similarly situated individuals outside her protected class received better treatment." *Id.* (quotes omitted).

Duran failed to present any evidence that Defendant discriminated against her because of her age (over the age of forty). Duran failed to present any evidence that Defendant took adverse employment actions against her because of her age. There is no evidence of age discrimination in the record. Duran filed no opposition to Defendant's motion for summary judgment. (*See* Dkts. 75-76). In contrast to this, Defendant presented substantial evidence that Defendant placed Duran on leave for workplace misconduct. *Supra* at 3-4.

Based on the record before the Court, there is no genuine issue of material fact that Defendant placed Duran on leave for workplace violations; there is no evidence that she was discriminated against because of her age. *Id.*; (Dkts. 71, 72, 76). Indeed, the "record contains no evidence to indicate whether any difference in age was sufficient to support an allegation of disparate treatment." *Arnold v. United Airlines, Inc.*, 142 F.4th 460, 471-72 (7th Cir. 2025) (affirming summary judgment denying claim for harassment based on age). Because Duran filed no response to Defendant's motion for summary judgment, the Court deems Defendant's statement of facts (Dkt. 72) admitted and not in dispute. *Flynn*, 58 F.3d at 288; *McMahan*, 892 F.3d at 929 n.2; *McCurry*, 942 F.3d at 787; LR 56.1(e)(3). The Court grants Defendant's motion for summary judgment against Duran's claims for age discrimination and retaliation (Counts III and V).

Finally, Duran sued Defendant for discrimination and retaliation under the Americans with Disabilities Act ("ADA") (Counts IV and V). (Dkt. 1 at 10-12). "To demonstrate a violation of the

5

ADA, [Duran] must show that [she] (1) has a disability, (2) is otherwise qualified to perform the essential functions of the job with or without a reasonable accommodation, and (3) [Defendant] took an adverse job action because of [her] disability." *Hoffstead v. Ne. Illinois Reg'l Commuter R.R. Corp.*, 132 F.4th 503, 510 (7th Cir. 2025). "To survive summary judgment, [Duran] must demonstrate that a genuine issue of material fact exists regarding whether [her] disability was the 'but for' reason for the adverse action. . . . When evaluating whether a genuine dispute of material fact exists, courts must consider the evidence as a whole, rather than asking whether any particular piece of evidence proves the case by itself." *Id.* (quotes omitted).

Duran failed to provide any evidence that Defendant discriminated against her because of any disability (diabetes). Duran failed to provide any evidence that Defendant took adverse employment actions against her because of her disability. In fact, there is no evidence of disability discrimination in the record. As stated before, Duran filed no opposition to Defendant's motion for summary judgment. (*See* Dkts. 75-76). Defendant presented substantial evidence that Defendant placed Duran on leave for workplace misconduct which is the only evidence in the record. *Supra* at 3-4.

Based on the record before the Court, there is no genuine issue of material fact that Defendant placed Duran on leave for workplace violations; there is no evidence that she was discriminated against because of her disability. *Id.*; (Dkts. 71, 72, 76). The record shows that Defendant placed Duran on leave—not because of her diabetes—but for dozens of other incidents (most which have no relation to diabetes, or any disability). *Supra* at 3-4. Defendant also presented evidence that Defendant accommodated Duran for her diabetes. (*See, e.g.*, Dkt. 72, ¶ 15). In addition to this, because Duran filed no response to Defendant's motion for summary judgment, the Court deems Defendant's statement of facts (Dkt. 72) admitted and not in dispute. *Flynn*, 58

F.3d at 288; *McMahan*, 892 F.3d at 929 n.2; *McCurry*, 942 F.3d at 787; LR 56.1(e)(3). As such, Duran "cannot demonstrate that [her] disability was the 'but for' cause of [Defendant's] action," and so summary judgment is proper. *Hoffstead*, 132 F.4th at 511. The Court grants Defendant's motion for summary judgment against Duran's claims for disability discrimination and retaliation (Counts IV and V).In short, Duran's allegations of discrimination have never been supported and therefore the Court grants judgement for the Defendant who provided ample support for her dismissal.

## CONCLUSION

The Court grants Defendant's Motion for Summary Judgment [70] and enters judgement for Defendant.

Virginia M. Kendall
United States District Judge

Date: March 10, 2026

7